UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Dwight Xavier Jones, *a/k/a* Dwight X. Jones, *a/k/a* Dwight Jones, ) ) ) | Civil Action No.: 3:22-cv-01808-RBH |
| Plaintiff, ) ) | |
| v. ) ) | **ORDER** |
| Cayce Public Safety; Investigator R. Garman; Investigator D. Stewart; and Lt. Cal Thomas, ) ) ) ) | |
| Defendants. ) ) | |
| _____ ) | |

This matter is before the Court on Plaintiff Dwight Xavier Jones's objections to the Report and Recommendation ("R&R") of United States Magistrate Kaymani D. West, who recommends summarily dismissing this action with prejudice for failure to state a claim.[1] *See* ECF Nos. 72 & 75.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R&R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. § 1915 and issued the R&R in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's *pro se filings*. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

**Discussion**[2]

Plaintiff, filed an amended complaint pursuant to 42 U.S.C. § 1983 against four defendants alleging that officers acted improperly in investigating his claims against Tabitha Jones ("Tabitha"), in arresting him in relation to a shooting at Tabitha's house, and in failing to arrest Tabitha for felon in possession of a firearm. ECF No. 67. Plaintiff alleges the officer's actions constitute malicious prosecution, gross negligence, racial profiling, and a biased investigation. Plaintiff requests that the officers involved be fired and suspended from working in any law enforcement; Defendant Thomas's pension be revoked; a permanent restraining order be entered against the Cayce Police; a requirement that every time a gun is found it is reported to the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"); and $20,000 in damages plus tips. *Id*. at pp. 6, 8, & 10.

The Magistrate Judge recommends summarily dismissing Plaintiff's amended complaint because (1) *Younger*[3] abstention is appropriate as to any claims for racial profiling or the

---

[2]   The facts of this case were summarized in the R & R. ECF No. 72 at pp. 1–2.

[3]   *Younger v. Harris*, 401 U.S. 37 (1971).

2

investigation that led to Plaintiff's arrest, (2) Plaintiff failed to identify any allegedly unconstitutional investigative actions because the officers were at most negligent and there is no cause of action for negligent investigation under § 1983; (3) Plaintiff has no constitutional right or judicially cognizable interest in the criminal prosecution or non-prosecution of another person; (4) Plaintiff has not shown an unreasonable seizure of his person in violation of the Fourth Amendment to establish malicious prosecution; (5) release from custody is not an available remedy in civil rights actions; and (6) amendment would be futile.  ECF No. 72 at pp. 3–6.

In his objections,[4] Plaintiff restates his arguments that (1) his due process rights were violated when officers failed to follow proper procedures because Tabitha was not arrested for being a felon in possession of a firearm, (2) no one witnessed him shoot at Tabitha's house, and (3) the police officers did not properly handle the investigation.[5]  ECF No. 75.  However, Plaintiff does not address or specifically object to the Magistrate Judge's conclusions above.[6]  Thus, the Court need only review the Magistrate Judge's recommendation for clear error, and the Court's review of the R&R reveals no clear error in its analysis. *See Diamond*, 416 F.3d at 315 (stating a district court

---

[4]     The Clerk sent Plaintiff a Deficiency Memorandum indicating his objections were not signed and requesting that he sign and return the document.  *See* ECF No. 76.  To date, signed objections have not been received, but this Court has considered Plaintiff's objections.

[5]     This Court notes that Plaintiff's objections and amended complaint contain threatening language, and this Court takes such threats very seriously.  *See* ECF No. 75 at p. 1 ("These are the very reasons officers end up dead."); *id*. at p. 2 ("However, if the courts allow this process not proceed this . . . only tells the plaintiff in the future to protect himself from this racist police department is to open fire on sight."); *id*. at p. 7 ("Then when these officers attempt to maliciously arrest a person and the officers end up gunned down like dogs and get spread out like sheets a person is labeled."); *id*. ("All that's has been gathered from this is 'HOLD COURT IN THE STREETS.'"); ECF No. 67 at p. 7 ("After this ain't no law for me I will not abid[e] by anything.  Because are going by nothing but racial profiling this will end in another Larry Davis how I see it because I ain't going for no more racial kidnapping."); *id*. at p. 8 (requesting a "permanent restraining order to keep police away from plaintiff for they own safety.").

[6]     Plaintiff attached three articles to his objections: ("SCOTUS Reverses Tenth Circuit's Denial of Qualified Immunity for Fatal Police Shooting," "Sixth Circuit Vacates Sentence for Impermissible Triple-Counting of Guidelines Enhancements for Ungrouped Offenses," and "Law Degree for South Carolina Magistrates Optional." ECF No. 75 at pp. 5-6.  None of these articles are related to any of the recommendations in the R&R.

need only review the Magistrate Judge's R & R for clear error in the absence of specific objections); s*ee also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").

Moreover, in relation to the events at issue, public records show that on December 15, 2022, Plaintiff pleaded guilty to "Breach of peace, aggravated in nature" and was sentenced to time served. *See State of South Carolina v. Dwight Xavier Jones*, Case No.2022A3220300054, Lexington County Eleventh Judicial Circuit Public Index, available at https://publicindex.sccourts.org/Lexington/PublicIndex/ (visited January 10, 2023).[7] Thus, while Younger abstention is no longer warranted, *Heck v. Humphrey*[8] bars Plaintiff's §1983 claims related to his arrest because he "plead[s] facts inconsistent with guilt." *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015); *see Wilkinson v. Dotson*, 544 U.S. 74, 81–82 (2005) ("[A] state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit ( [such as] state conduct leading to conviction ...)—if success in that action would necessarily demonstrate the invalidity of confinement or its duration."). Additionally, the Court finds that Defendant Cayce Public Safety is not a person within the meaning

---

[7] Courts "routinely take judicial notice of information contained on state and federal government websites." *United States v. Garcia*, 855 F.3d 615, 621 (4th Cir. 2017). The public index shows the original charge associated with this case number was for "Weapons/Discharging firearms into a dwelling." *See State of South Carolina v. Dwight Xavier Jones*, Case No.2022A3220300054. The public index also shows the other charges against Plaintiff filed in relation to these events were dismissed when Plaintiff pleaded guilty. *See id.* Case Nos. 2022A3220300053 (assault/attempted murder), 2022A3220300057 (possession of a weapon during violent crime), 2022A3220300064 (pointing and presenting a firearm).

[8] 512 U.S. 477 (1994).

of §1983. *See Gore v. Conway Police Dep't,* No. 0:08-cv-01806-RBH, 2008 WL 2566985, at *2 (D.S.C. June 26, 2008).

## Conclusion

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the Magistrate Judge's R&R [ECF No. 72] and **DISMISSES** the action *without prejudice,*[9] without further leave to amend,[10] and without issuance and service of process. The Court places Plaintiff on notice that he now has at least three strikes under 28 U.S.C. § 1915(g) and cannot proceed *in forma pauperis* as a prisoner in the future unless he is under imminent danger of serious physical injury.[11]

**IT IS SO ORDERED.**

Florence, South Carolina
January 11, 2023

s/ R. Bryan Harwell
R. Bryan Harwell
Chief United States District Judge

---

[9] The Court is dismissing Plaintiff's complaint without prejudice in light of *Heck*'s application. *See Bowman v. Mann*, 683 F. App'x 258, 259 (4th Cir. 2017) (recognizing a dismissal without prejudice is proper where *Heck* applies).

[10] The dismissal is without further leave to amend, as Plaintiff has already been given the opportunity to do so. *See Britt v. DeJoy*, 45 F.4th 790, 798 (4th Cir. 2022).

[11] This case, *Jones v. Lyons*, No. 5:14-cv-2691-RBH, 2015 WL 2095302 (D.S.C. May 6, 2015) (dismissing complaint without prejudice for failure to state a claim upon which relief may be granted), and *Jones v. Lexington Cnty Det. Ctr.,* No. 5:22-cv-3496-RBH (Jan. 11, 2023) (dismissing complaint with prejudice for failure to state a claim) count as strikes. *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (The text of Section 1915(g)'s three-strikes provision refers to any dismissal for failure to state a claim, whether with prejudice or without."); *Addison v. Stirling*, No. 8:20-cv-03735-TMC, 2021 WL 321088, at *1 (D.S.C. Feb. 1, 2021) (recognizing a *Heck* dismissal qualifies as a strike)

5